IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tonya Williams, | C/A No. 2:17-cv-864-DCC |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| Commissioner, Social Security Admin., | |
| Defendant. | |

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying her claim for Disability Insurance Benefits ("DIB"). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to a United States Magistrate Judge for pre-trial handling. On July 25, 2018, Magistrate Judge Mary Gordon Baker issued a Report and Recommendation ("Report"), recommending that the decision of the Commissioner be affirmed. ECF No. 19. On August 21, 2018, Plaintiff filed objections to the Report, and the Commissioner filed a reply on August 31, 2018. ECF Nos. 23, 24. For the reasons stated below, the Court respectfully declines to adopt the Report.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act ("the Act") is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebreeze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it was supported by substantial evidence and reached through the application of the correct legal standard. *Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157–58.

## **BACKGROUND**

Plaintiff applied for DIB on November 3, 2010, alleging a disability onset date of September 2, 2010. Plaintiff's application was denied initially and upon reconsideration. A hearing was held before an Administrative Law Judge ("ALJ"), who issued a decision on May 6, 2013, finding that Plaintiff was not disabled. On June 11, 2013, Plaintiff filed another application for DIB, again alleging an onset date of September 2, 2010, which

2

she later amended to May 7, 2013. In this application, Plaintiff alleged disability due to diabetes, high blood pressure, back pain, and lower body pain. Plaintiff's application was denied initially and upon reconsideration. Plaintiff requested a hearing before an ALJ, which was held on August 19, 2015.

On December 23, 2015, the ALJ issued a decision finding that Plaintiff was not disabled from May 7, 2013 (amended onset date) through March 31, 2015 (the date last insured). The Appeals Council denied Plaintiff's request for review, making the determination of the ALJ the final decision of the Commissioner.

## DISCUSSION

The Magistrate Judge recommends that the Court affirm the Commissioner's decision because it is supported by substantial evidence and the proper legal standards were applied. Plaintiff objects to the Report, claiming there are unresolved conflicts between the Vocational Expert's ("VE") testimony and the Dictionary of Occupational Titles ("DOT") description of the three unskilled jobs at the light exertional level identified at the hearing.[1] For the reasons detailed below, we agree and respectfully decline to adopt the Report.

As the Magistrate Judge noted, "[t]he parties' respective arguments concern the DOT's criteria of Specific Vocational Preparation ("SVP") and General Educational Development ("GED") for those jobs." ECF No. 19 at 14. The DOT defines "SVP" as "the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-

---

[1] The VE identified three unskilled light jobs: (1) small parts assembler (DOT #706.684-022); (2) non-postal mail sorter, i.e., "mail clerk" (DOT #209.687-026); and (3) inspector – hand packager (DOT #559.687-074).

3

worker situation." DOT, App. C, 1991 WL 688702.  SVP is rated on a scale of 1 to 9, with 1 being the least amount of time necessary to learn a job.  *Id.*  GED refers to "education of a general nature which does not have a recognized, fairly specific occupational objective."  *Id.*  GED is ranked on a scale of 1 to 6, with 1 being the lowest.  *Id.*

In this case, the three jobs identified by the VE are SVP 2, and two of the jobs have a GED reasoning level of 2,[2] while the other has a GED reasoning level of 3.[3]  ECF No. 19 at 11–13.  At the hearing, the ALJ asked the VE whether her testimony was consistent with the DOT, and the VE responded, "[i]t has been, your honor, with the exception of the [INAUDIBLE] off task, use of one extremity versus bilateral, and the fast pace of the work. Those are things that are not covered in the DOT so they're based on my training, education, experience, and knowledge of how jobs are performed."  R. 83.  In his order, the ALJ limited Plaintiff to, *inter alia*, "simple, routine, and repetitive tasks; a workplace free of fast-paced quota requirements; and involving only simple work related decision-making and few, if any, workplace changes."  R. 20.

The pertinent question in this case is whether there is an apparent conflict between the limitation of Plaintiff to "simple, routine, and repetitive tasks" and the GED reasoning levels of 2 and 3 in the three jobs identified at the ALJ hearing.  The discussion must begin with the Fourth Circuit's decision in *Pearson v. Colvin*, 810 F.3d 204 (4th Cir. 2015). In *Pearson*, the Fourth Circuit held that the ALJ must identify "apparent conflicts"

---

[2] "R2 (Reasoning Development): Apply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations."  ECF No. 19 at 12–13.

[3] "R3 (Reasoning Development): Apply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form. Deal with problems involving several concrete variables in or from standardized situations."  *Id.* at 12.

4

independently of the VE and resolve them. *Id.* at 209–11. This means that if the evidence appears to conflict, the ALJ must obtain from the VE a reasonable explanation for the apparent conflict and must explain the resolution of the conflict in the decision. *Id.* at 209. However, this ruling applied only to "apparent conflicts" and did not apply expansively to all possible conflicts. *Id.* ("[Claimant's] view would require the ALJ to do more than simply compare the express language of the *Dictionary* and the vocational expert's testimony, and would allow the claimant to nitpick an ALJ's or expert's word choice on appeal.").

In 2016, the Fourth Circuit issued *Henderson v. Colvin*, which concluded "that there is an apparent conflict between an RFC that limits [claimant] to one-to-two step instructions and GED Reasoning Code 2, which requires the ability to understand detailed instructions." 643 F. App'x 273, 277 (4th Cir. 2016). The Fourth Circuit has not, however, addressed the issue of whether there is an apparent conflict between an RFC that limits a claimant to "simple, routine, and repetitive tasks" and GED Reasoning Code 2. A number of district courts in the District of South Carolina have addressed the issue, concluding that there is an apparent conflict. For example, in *Piner v. Berryhill*, Magistrate Judge Shiva V. Hodges recommended remanding to the Commissioner based on an apparent conflict between an RFC that limited the plaintiff to simple, routine tasks and GED Reasoning Levels of 2 and 3. No. 1:17-317-TMC-SVH, 2017 WL 4712084 (D.S.C. Sept. 28, 2017), *adopted by Piner v. Berryhill*, No. 1:17-cv-317, 2017 WL 4682004 (D.S.C. Oct. 18, 2017).[4] The Court in *Piner* cited to a number of other district court decisions also finding an apparent conflict based on *Henderson*. *See id.* at *14.

---

[4] The Government did not file objections to Magistrate Judge Hodges' Report in *Piner*.

The Report acknowledges these recent decisions, but notes that "this appears to be a minority position. Most other courts (in this circuit and in other circuits) have found no apparent conflict between GED reasoning level two and unskilled work (described as 'simple, routine tasks')." ECF No. 19 at 18. However, the cases in this district cited by the Magistrate Judge pre-dated *Henderson*. *See id.* at 18–19 (collecting cases). There is authority from other circuits supporting a finding of no apparent conflict. For example, the Fourth Circuit favorably cited *Rounds v. Commissioner Social Security Administration*, 807 F.3d 996 (9th Cir. 2015) in *Henderson*. The Ninth Circuit in *Rounds* noted in a footnote that "[u]npublished decisions of panels of this Court and opinions from some of our sister circuits have concluded that an RFC limitation to 'simple' or 'repetitive' tasks is consistent with Level Two reasoning." *Rounds*, 807 F.3d at 1004 n.6 (collecting cases); *see also* ECF No. 19 at 19–20 (citing various cases from other circuits finding no apparent conflict). However, in light of the absence of authority from the Fourth Circuit and given the overwhelming weight of authority from district courts in the District of South Carolina, the Court agrees there is an apparent conflict in this case warranting a remand.

The issue presented in this case is one that has troubled district courts within the Fourth Circuit. The Magistrate Judge in this case issued a well-reasoned and logically sound Report, and the Court greatly appreciates the thorough research and analysis therein. However, consistency among the courts of this district is important to litigants and counsel, and absent contrary authority from the Fourth Circuit, the Court respectfully declines to adopt the Report and reverses and remands to the Commissioner.

## **CONCLUSION**

For the reasons set forth above, the Court respectfully **DECLINES** to adopt the Report.  Therefore, the Commissioner's decision is **REVERSED** and the Court remands this matter to the Commissioner to explain the apparent conflict outlined above pursuant to sentence four of 42 U.S.C. § 405(g).

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

September 19, 2018
Spartanburg, South Carolina